**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SIMON JOACHIM BLOMSTROEM PETERSEN,

      Petitioner,

v.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Cibola County Correctional Center,

      Respondents.

Case No. 1:26-cv-01686-MIS-JFR

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Simon Joachim Blomstroem Petersen's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 26, 2026. Respondents Todd

Blanche, Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra, ("Federal

Respondents"),[1] filed a Response on June 5, 2026, ECF No. 7.

Petitioner is a native of Denmark with Permanent Resident status dating back to 2012. <u>Id.</u>

at 2. In 2021 Petitioner was convicted in Florida of "Selling/Manufacturing/Delivering/Possession

---

[1]     Respondent Warden, Cibola Country Correctional Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

with Intent a Controlled Substance." Id. Removal proceedings were initiated in 2024, and he was taken into custody on April 15, 2026. Id. On May 18, 2026, Petitioner received a bond hearing, but the Immigration Judge did not make a decision, instead allowing Petitioner "additional time to supplement the evidence submitted for his bond request." Id. On May 26, 2026, Petitioner's Next Friend filed the instant Petition raising Fifth Amendment and prolonged detention concerns. ECF No. 1.

Respondents argue "Petitioner should not be granted any relief because Petitioner has failed to state a claim, and Petitioner has a hearing scheduled on June 18, 2026, at 9:30 a.m. rendering this matter moot." Resp. at 1, ECF No. 7.  The hearing to which Respondents refer turned out not to be a bond hearing but instead was a removal hearing at which the Immigration Judge ordered Petitioner removed to Denmark. Notice at 1, ECF No. 10. Petitioner reserved his right to appeal and has until July 20, 2026, to do so. Id.

Returning to Respondents' Response, they make no argument as to whether 8 U.S.C. § 1225 or 1226 apply to Petitioner. Resp. at 1-4, ECF No. 7. Rather, Respondents argue that he fails to state a claim because, in his pro se next friend Petition, he makes an insufficient claim of constitutional violations and his claim is moot because of the upcoming hearing. Id. at 3-4. The Court disagrees.

Ultimately, the Court finds that Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States. Id. at 1-3.  As the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, the Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026

WL 92873 (D.N.M. Jan. 13, 2026) insomuch as 8 U.S.C. § 1226 governs Petitioner's Petition. Petioner's continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and the 'precise application and scope' of the review it guarantees may change 'depending upon the circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

Under the unique facts of this case, the Court finds that ordering Petitioner's immediate release is not the appropriate remedy. Petitioner was convicted in Florida of a controlled substance crime, Resp. at 2, ECF No. 7, which may subject him to 8 U.S.C. § 1226(c). The Court concludes that ordering a constitutionally adequate bond hearing is the appropriate remedy in this case, as the Court finds that whether and under what conditions Petitioner should be released is better left to the sound discretion of an immigration judge at a bond hearing. See Lopez-Romero, 2026 WL 92873, at *7.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Simon Joachim Blomstroem Petersen's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to provide Petitioner with an individualized and constitutionally adequate bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order;

3. The Immigration Judge shall not consider 8 U.S.C. § 1225(b) or Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), and if the Immigration Judge finds that Petitioner shall remain in detention, the Immigration Judge shall adequately explain the reasons for detention such that this Court can determine whether the bond hearing was constitutionally adequate;

4. Respondents shall file a status report within three days of Petitioner's bond hearing advising the Court as to whether bond was granted or denied, and shall attach the Immigration Judge's Order thereto; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction to enforce this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE