**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SIMON JOACHIM BLOMSTROEM PETERSEN,

     Petitioner,

v.

                                  Case No. 1:26-cv-01686-MIS-JFR

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Cibola County Correctional Center,

     Respondents.

## <u>ORDER DENYING REVIEW OF PETITIONER'S BOND HEARING</u>

**THIS MATTER** is before the Court on Petitioner Simon Joachim Blomstroem Petersen's

Reply, ECF No. 15, filed July 17, 2026.

On June 21, 2026, the Court issued an Order granting Petitioner's first Petition for Writ of

Habeas Corpus ("Petition"). ECF No. 11. The Court found 8 U.S.C. § 1226 applied to Petitioner

and ordered Respondents provide Petitioner with an individualized bond hearing. Id. at 3. On June

24, 2026, Respondents provided Petitioner with a bond hearing. Notice at 1, ECF No. 13. The

Immigration Judge (IJ) denied Petitioner's bond because

> The Respondent was admitted into the US in June of 2012. The Respondent was
> convicted on May 10, 2021, for PCS, which triggered his removal proceedings. The
> Respondent was ordered removed on June 18, 2026. The Respondent is deemed a
> danger to the community as well as a flight risk based on his prior criminal
> conviction and removal order.

Id. On July 17, 2026, Petitioner filed a Reply asking the Court the review "whether the June 24, 2026 bond proceedings satisfied the constitutional requirements identified in this Court's June 2l, 2026 Order after a removal order had already been entered and later cited as part of the basis for finding Petitioner to be a flight risk." ECF No. 15 at 2.

The Court retained jurisdiction to enforce its Order granting Petitioner's Petition, ECF No. 11 at 4, and the Court has jurisdiction to review whether a bond hearing is constitutionally adequate, Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). Under 8 U.S.C. § 1226(e), however, the Court does not have jurisdiction to review a discretionary bond denial decision. Id. The IJ here based his decision on both Petitioner's prior criminal conviction and the removal order. Notice at 1, ECF No. 13. The Court agrees with Petitioner that basing a bond denial decision on a removal order may not be constitutionally adequate, since the decision would be based on a DHS action, not the petitioner. But the IJ here also based his decision on Petitioner's criminal record. That independent reason makes the decision discretionary and therefore Court has no jurisdiction to review it. Grant-Davis, 2026 WL 823095, at *3. Petitioner may appeal the bond denial decision to the BIA as appropriate.

Therefore, it is **HEREBY ORDERED** that Petitioner's request for the Court to review the bond denial decision is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2